KIPP, APPELLANT, v. PAUL, RESPONDENT.

(No. 8,079.)

(Submitted May 27, 1940.   Decided June 25, 1940.)

[103 Pac. (2d) 678.]

*Mr. Selden S. Frisbee,* for Appellant.

*Mr. D. W. Doyle,* for Respondent.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is a companion case to *Kipp* v. *Paul,* ante, p. 513, 103 Pac. (2d) 675, decided this day, and the allegations of the complaint are the same as in that case, except that here the defendant is a co-surety and the suit is for the co-surety's proportionate share of the amount paid by the plaintiff on the principal's obligation. Property of the defendant was attached on this complaint. Payment and demand of defendant for contribution are alleged. Defendant thereafter filed a motion to have the attachment discharged and the levy quashed on the grounds: (1) That the allegations of the complaint disclose that there is no contract between plaintiff and defendant "for the direct payment of money," which is necessary for a proper issuance of a writ of attachment; (2) that the complaint discloses upon its face a cause of action that will sustain a writ of attachment. The court granted defendant's motion to discharge, and thus we have this appeal.

Two questions are raised to determine whether or not the order discharging the writ is sustainable: (1) Is an action by a surety against a co-surety for contribution an action based upon a contract for the "direct payment of money" required by the attachment statute, section 9256, Revised Codes? (2) Does the fact that plaintiff compromised the Raleigh Company suit before judgment make him a volunteer in paying the claim so as to defeat his right to levy an attachment on the theory that

the surety arrangement created an implied contract for the direct payment of money?

The first question has already been definitely answered by this court in the case of *Wall* v. *Brookman,* 72 Mont. 228, 232 Pac. 774, wherein it was held that when one surety is compelled to pay his principal debtor's obligation, the law implies a contract obligation on the part of other co-sureties to contribute their share, and· that such implied contract is a contract for the direct payment of money warranting the issuance of a writ of attachment. The holding thus applies in this instance and it is controlling.

However defendant points out that in the *Wall* v. *Brookman Case,* supra, Wall, the paying surety, paid a judgment,—that is, Wall was *judicially* compelled to pay, and that it was only because he was under such compulsion that an implied contract arose. What we have said in the companion case is controlling on this second point. (See, also, 50 C. J. 296.)

What is said in the first case as to principal and surety on this argument applies also to the obligation of one surety to contribute when the other has paid the principal's obligation, as here.

To sustain the attachment, plaintiff had only to state a good cause of action for contribution. Testing the allegations of the complaint by the requirements for such an action, plaintiff does state a good cause of action.

The order of the district court discharging the writ of attachment and quashing its levy should be set aside. It is so ordered.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ARNOLD concur.